IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JASON SCOTT DURHAM                                                    PLAINTIFF

v.                              Civil No. 2:17-CV-02152

NURSE CINDY, *et. al.*                                              DEFENDANTS

## ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff

proceeds *pro se* and *in forma pauperis.*

The case is before the Court for preservice screening under the provisions of the Prison

Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to

screen any complaint in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I.      BACKGROUND

Plaintiff filed his Complaint on August 31, 2017. (ECF No. 1). He alleges the denial of

medical care while incarcerated at the Sebastian County Detention Center. Specifically, he alleges

that, while under the influence of alcohol, he hit the door of his cell once with both hands and

broke bones in both hands. Plaintiff alleges that when he asked for help, Defendant Nurse Cindy

looked at his hands and told him they were not broken, he only had a hematoma. When Plaintiff

was bonded out, he believes a day or two later, he went to the local emergency room and was told

his hands were broken. He required orthopedic surgery, and one hand is still deformed. Plaintiff

believes that if he had been taken immediately to the emergency room much of his pain, suffering,

and subsequent deformity could have been prevented. (ECF No. 1 at 6-7). Plaintiff alleges that

the Sheriff was "over" the Captain, and the Captain was "over" the nurse who refused him

treatment.

Plaintiff proceeds against all Defendants in their official capacity only.  (ECF No.1 at 4).
Plaintiff seeks compensatory damages.  (ECF No. 1 at 5).

## II.    LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being
issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are
frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks
monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*,
490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it
does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic
Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted
sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less
stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537,
541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Even a *pro se* Plaintiff
must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8
Cir. 1985).

## III.    ANALYSIS

Plaintiff has failed to state a plausible official capacity claim against any Defendant.  Under
Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity,
or in both.  In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals discussed the distinction
between individual and official capacity suits.  As explained by the *Gorman* case:

Claims against government actors in their individual capacities differ from those in

2

their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24‒27, 112 S.Ct. at 361‒62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25‒27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir. 1998). "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

Here, Plaintiff has not alleged that the denial of medical care for his hands was the result of any custom or policy of Sebastian County. Plaintiff has therefore failed to state an official capacity claim against any Defendant.

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 2nd day of October 2017.

/s/ P. K. Holmes, III

    P. K. HOLMES, III
    CHIEF U.S. DISTRICT JUDGE